J-S09002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HILL | : | |
| | : | |
| Appellant | : | No. 582 EDA 2025 |

Appeal from the Judgment of Sentence Entered September 19, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004779-2021

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 13, 2026**

William Hill (Appellant) appeals from the judgment of sentence imposed following his guilty plea to third-degree murder.[1]  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The Commonwealth stated the factual basis for Appellant's guilty plea at his March 15, 2024, plea hearing.

> [I]n the early morning hours of February 15, 2021, [Appellant] went to the home of his mother, Geraldine Saunders[ (Ms. Saunders)], at the 5000 block of North 10th Street in Philadelphia[, Pennsylvania (the residence)].  [Appellant] was covered in blood. [Appellant] told [Ms. Saunders] … that he had shot, multiple times, his girlfriend, … Darchelle Sheed [(the victim)], and [Appellant] then fell asleep on the couch at [the residence].

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).

When [Appellant] woke up at around 3[:00] p.m. [that same day], family members called police[,] who responded[ to the residence].  The first officer on the scene … was [Philadelphia Police] Officer Ivene Bennett[ (Officer Bennett)].  [Appellant] exited that location and, on the porch, stated to [O]fficer [Bennett], "I did it, I shot her."  [Appellant] was noted to have blood on his hands, his head, and his clothes.  [Officers r]ecovered from [Appellant's] left jacket pocket [] a magazine loaded with 14 live .40-caliber rounds.  … Also recovered from [Appellant] was a set of keys [for the apartment he shared with the victim (the apartment), one block away on the 4900 block of North Warnock Street].  … The keys … allowed [law enforcement] to enter [the] apartment.  In the front bedroom[, law enforcement] found the body of the [victim, which, following a post-mortem examination, revealed] nine gunshot wounds to the lower torso and legs of the [victim] …, one of which completely transected her right femoral artery.  [T]he cause of death … was [determined to be] multiple gunshot wounds.  The manner of death was [determined to be] homicide ….

[Appellant] gave a full post-***Miranda***[2] statement to Detective James Burke.  [Appellant] stated he shot [the victim] multiple times and that, between the location of the shooting and the location where [Appellant] was ultimately arrested, he [disposed of] the gun ….  It was a .40-caliber Smith & Wesson.

N.T., 10/2/23, at 10-13 (punctuation modified; footnote added; some paragraph breaks omitted); ***see also id.*** at 14 (Appellant agreeing that his guilty plea was based on the above facts).

The trial court aptly summarized the ensuing procedural history, as follows:

Upon accepting Appellant's plea, th[e trial c]ourt ordered a presentence investigation [(PSI)] report [] and a mental health evaluation.  Additionally, th[e trial c]ourt authorized [] funds for Appellant's attorney to complete a mitigation report to be submitted for consideration prior to sentencing.  [A]s part of

_____

[2] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

Appellant entering into an open guilty plea, the Commonwealth stated that [it] would not seek a sentence greater than fifteen (15) to thirty (30) years of confinement …. N.T., 10/2/23, at 6, 15.

T[he trial c]ourt held a sentencing hearing … on September 19, 2024. … Based on Appellant's status as a repeat [felony] offender, for Appellant's conviction for Murder of the Third Degree, which had an offense gravity score of fourteen (14), the [standard-range sentencing] guidelines recommended a [minimum] sentence of eighteen (18) years of confinement[,] to the statutory limit of forty (40) years of confinement.[3] N.T., 9/19/24, at 3.

At the hearing, Appellant's counsel argued for … a lighter sentence than that requested by the Commonwealth. Appellant's counsel highlighted Appellant's background, specifically the domestic abuse [Appellant] witnessed growing up, and the sexual abuse he experienced as a child. Further, Appellant's counsel noted that Appellant was fifty-eight (58) years old at the time of sentencing and indicated that Appellant's remorse was evident given his decision to plead guilty. Lastly, counsel argued that [the victim's] alleged provocation of Appellant prior to the shooting should be a mitigating factor …. *Id.* at 4-12.

The Commonwealth, emphasizing the gravity of Appellant's conduct and his comments in the PSI report,[4] argued that its

_____

[3] The trial court sentenced Appellant pursuant to the deadly weapon (used) enhancement matrix, under the seventh edition of the sentencing guidelines. *See* 204 Pa. Code § 303.17(b). The applicable mitigated range recommended a 12-month downward deviation from the standard guideline range. *Id.*

[4] The PSI report is not included within the certified record. However, Appellant does not dispute the accuracy the following excerpt from the PSI report, which the trial court quoted in its opinion:

Of concern, is [Appellant's] refusal to accept any responsibility for his actions …. [Appellant] repeatedly claimed in the presentence interview that he was the "true victim" of the instant offense. These sentiments were echoed in [a] prior [PSI] report, [regarding a prior offense,] which was also a domestic [violence] conviction. [Appellant] is not amenable to community or county supervision.

*(Footnote Continued Next Page)*

recommendation of fifteen (15) to thirty (30) years [in prison] was more than appropriate, was below the sentencing guidelines, and had already [taken into consideration] mitigating factors. The Commonwealth further argued that Appellant's alleged remorse appeared to be insincere considering his [comments in the] PSI report. The Commonwealth highlighted … that Appellant['s criminal history] demonstrated a lifelong career of criminality[,] which was only worsening with age. ….

Trial Court Opinion, 4/21/25, at 2-4 (footnotes added).

At the conclusion of the hearing, the trial court sentenced Appellant to 12 to 30 years in prison, which constituted a minimum sentence <u>five years below the applicable mitigated guideline range</u>. Appellant timely filed a post-sentence motion, alleging the trial court failed to (1) "provid[e] sufficient reasons for the sentence imposed[,]" or (2) "give careful consideration of all relevant sentencing factors[.]" Post-Sentence Motion, 9/22/24, ¶ 3(A-B). On January 21, 2025, Appellant's motion was denied by operation of law. Appellant timely filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.[5]

Appellant raises the following issue: "Did the trial court commit an abuse of discretion by imposing a sentence that was clearly unreasonable and contrary to 42 Pa.C.S.[A.] § 9721(b) and 9781?" Appellant's Brief at 4.

_____

Trial Court Opinion, 4/21/25, at 10 (quoting PSI Report, 12/14/23, at 6).

[5] On November 7, 2025, we dismissed Appellant's appeal due to his failure to file an appellate brief. Upon his application, we reinstated Appellant's appeal, and he thereafter filed an appellate brief.

Appellant challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. ***Commonwealth v. Solomon***, 247 A.3d 1163, 1167 (Pa. Super. 2021) (*en banc*). An appellant challenging the discretionary aspects of his sentence must first invoke this Court's jurisdiction:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Glawinski***, 310 A.3d 321, 325 (Pa. Super. 2024) (citation omitted).

Here, Appellant timely filed a notice of appeal and preserved his claim in a post-sentence motion.[6] Appellant includes in his brief a statement of

---

[6] In his appellate brief, Appellant alleges as a discrete issue, raised for the first time on appeal, that his maximum sentence of 30 years in prison constitutes a *de facto* life sentence, which was based on the allegedly "impermissible focus on the seriousness of the offense." Appellant's Brief at 16. Appellant did not preserve this issue—or even a general excessiveness claim—in either his post-sentence motion or court-ordered Pa.R.A.P. 1925(b) concise statement. Consequently, the trial court did not address Appellant's *de facto* life sentence claim in its opinion. Accordingly, this claim is waived. ***See Commonwealth v. Bradley***, 237 A.3d 1131, 1139 (Pa. Super. 2020) (concluding that "[e]ven if we agreed with [the a]ppellant … that he is challenging his sentence as excessive and unreasonable, his specific argument that his term of years constitutes a *de facto* life sentence was not mentioned, nor fairly suggested by, the language in his post-sentence motion" or Rule 1925(b) concise statement; and deeming the appellant's issue waived).

reasons relied upon for allowance of appeal, in accordance with Pa.R.A.P.
2119(f).  Accordingly, we consider whether Appellant has raised a substantial
question that his sentence is not appropriate under the Sentencing Code.  ***See
Glawinski***, 310 A.3d at 325.

> A substantial question is presented where
>
> an appellant advances a colorable argument that the sentence
> imposed is either inconsistent with a specific provision of the
> Sentencing Code or is contrary to the fundamental norms which
> underlie the sentencing process.  At a minimum, the Rule 2119(f)
> statement must articulate what particular provision of the code is
> violated, what fundamental norms the sentence violates, and the
> manner in which it violates that norm.

***Commonwealth v. Mastromarino***, 2 A.3d 581, 585-86 (Pa. Super. 2010)
(citation omitted).  In determining whether an appellant raises a substantial
question, "[o]ur inquiry must focus on the reasons for which the appeal is
sought, in contrast to the facts underlying the appeal, which are necessary
only to decide the appeal on the merits."  ***Commonwealth v. Alameda***, 339
A.3d 504, 512 (Pa. Super. 2025) (citation omitted).

Instantly, in his Rule 2119(f) statement, Appellant claims the trial court
failed to meaningfully consider mitigating circumstances, and "focused almost
exclusively on the gravity of the offense and a single[,] subjective []
comment[ in Appellant's PSI report], in violation of [Section] 9721(b)'s
mandate that sentencing be individualized and balanced."  Appellant's Brief at
12.  Appellant presents a substantial question.  ***See Commonwealth v.
Knox***, 165 A.3d 925, 929 (Pa. Super. 2017) (concluding the appellant's "claim

that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances, … raises a substantial question."). Accordingly, we review the merits of Appellant's discretionary sentencing challenge.

Appellant argues that the trial court, in imposing sentence, failed to conduct an "individualized analysis," and, instead,

> focused almost entirely on the nature of the offense; adopted wholesale the Commonwealth's characterization of the PSI[ report]; and failed to explain how Appellant's advanced age, extensive history of childhood trauma, documented mental health issues, and acceptance of responsibility informed the sentence it selected.

Appellant's Brief at 15-16 (punctuation modified). Appellant insists that the trial court, at sentencing and in its Pa.R.A.P. 1925(a) opinion, "return[ed] repeatedly to a single [comment in the] PSI [report] suggesting that Appellant portrayed himself as a victim, without addressing the remainder of the report or the extensive mitigation materials presented." *Id.* at 17. As a result, Appellant maintains, his sentence is "clearly unreasonable," and he is entitled to a resentencing hearing. *Id.* at 18.

Section 9781 of the Sentencing Code statutorily prescribes our review of discretionary sentencing claims, as follows:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).[7]

We are mindful that sentencing "is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Barnes**, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted).

[A]n abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Bankes**, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation omitted).

The Pennsylvania Supreme Court has explained that

the reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants[,] and the nuances of

_____

[7] Appellant's sentence fell outside of the sentencing guidelines. However, because its downward departure inured to Appellant's benefit, we consider whether the trial court's sentence was "clearly unreasonable," pursuant to 42 Pa.C.S.A. § 9781(c)(2).

> sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (citations and quotation marks omitted).

The Sentencing Code provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "A sentencing court has broad discretion in choosing the range of permissible confinements that best suits a particular defendant and the circumstances surrounding his crime." *Commonwealth v. Celestin*, 825 A.2d 670, 676 (Pa. Super. 2003) (citation omitted). "The weighing of factors under [Section] 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weight of those factors." *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa. Super. 2022) (quoting *Commonwealth v. Bricker*, 41 A.3d 872, 876 (Pa. Super. 2012)).

Finally, where a PSI report exists, this Court will "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (concluding

where the sentencing court considered all relevant factors and was "fully informed by the [PSI], the sentencing court's discretion should not be disturbed.")); *see also Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) (observing the trial court satisfies "the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." (citation omitted)).

> Here, the trial court explained its sentencing rationale as follows:
>
> At Appellant's sentencing hearing, [the] court stated its consideration of Appellant's [PSI] and mental health reports, the mitigation report, Appellant's [allocution], arguments from the Commonwealth and Appellant's counsel, and the facts and circumstances of this case. [The trial] court also expressed concern for statements in Appellant's PSI report, and shared in the Commonwealth's concern that Appellant portrayed himself as a victim when discussing his prior incidents, as well as [in] the current incident …. N.T., 9/19/24, at 20-21.
>
> Additionally, [the] court noted that it considered Appellant's age, his background, and the other mitigating factors Appellant's counsel brought to this court's attention, including Appellant's tumultuous childhood. *Id.* at 4-6. While [the] court believed that these factors did not justify [the victim's murder], [the] court still concluded that the Commonwealth's request for fifteen (15) to thirty (30) years' confinement was not warranted, and, instead, sentenced Appellant to twelve (12) to thirty (30) years' confinement …. [The trial] court noted that this sentence was **far below the guidelines**, but reiterated that it was appropriate considering the facts, circumstances, and Appellant's age. *Id.* at 21-23.

Trial Court Opinion, 4/21/25, at 9 (capitalization and punctuation modified; emphasis added).

The trial court opined that several factors would have supported the imposition of an aggravated-range sentence, but, "[d]espite these aggravating factors, th[e c]ourt sentenced Appellant within what Appellant's counsel requested at the sentencing hearing." *Id.* at 10; *see also* N.T., 9/19/24, at 11 (Appellant's counsel stating, "[T]he Government is going to cap their request at 15 to 30[ years in prison]. I believe something less than that … is appropriate …."). The trial court explained that it considered "Appellant's advanced age and his tumultuous childhood, which, [the c]ourt reasoned, warranted a sentence below the guidelines and the Commonwealth's recommendation[]." *Id.* (quotation marks and citation omitted).

We discern no abuse of the trial court's discretion in imposing Appellant's sentence. *See Bankes*, 286 A.3d at 1307. The record belies Appellant's claim that the trial court failed to consider mitigating factors in imposing a minimum sentence **five years below the lower end of the applicable mitigated guideline range**. At sentencing, the trial court indicated that it had considered Appellant's allocution, age, background, life experience, mental health issues, PSI report, and the arguments of counsel. N.T., 9/19/24, at 12, 21-22. As the trial court indicated it had reviewed the PSI report, we "presume that the [trial court] was aware of relevant information regarding [Appellant's] character and weighed those

- 11 -

considerations along with mitigating statutory factors." **Watson**, 228 A.3d at 936.

Contrary to Appellant's assertions, the sentencing hearing transcript, and the trial court's well-reasoned opinion, evidences the trial court's conscientious and individualized approach in imposing Appellant's sentence. We will not, as Appellant ostensibly requests, reweigh the sentencing factors set forth in Section 9721(b), or substitute our judgment for that of the trial court. **See Taylor**, 277 A.3d at 593. Accordingly, Appellant is owed no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/13/2026